UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONGITUDE LICENSING LIMITED,<br><br>           Plaintiff,<br><br>     v.<br><br>GOOGLE, LLC,<br><br>           Defendant. | Case No.  23-cv-03046-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 32 |

The motion to dismiss is granted because the claims in the '365, '574, '056, and '109 patents are directed to ineligible subject matter. 35 U.S.C. § 101. This ruling assumes that the reader is familiar with the facts, the applicable legal standards, and the arguments made by the parties.

These patents are drawn to an abstract idea: the idea of improving image quality by adjusting various aspects of an image based on features of the main object in the image. "The category of abstract ideas includes "fundamental, long prevalent practices." *Bluebonnet Internet Media Services, LLC v. Pandora Media, LLC*, No. 21-cv-08294-VC, 2022 WL 4093168, *1 (N.D. Cal. Sept. 7, 2022) (citing *BSG Tech LLC v. BuySeasons, Inc.*, 899 F.3d 1281, 1286 (Fed. Cir. 2018)). As Google points out, that basic concept is longstanding. The variations among the patent claims are merely various abstract ideas for how to enhance an image (for example, determining the main object by identifying a human face, considering the location or background of an image to identify the main object, or correcting color balance using a formula). Adding that the abstract idea be executed by a computer "cannot impart patent eligibility." *Alice Corp. Pty. Ltd. v. CLS Bank Intern.*, 573 U.S. 208 (2014). The claims lack any remaining inventive concept.

This case is unlike *McRO* and its ilk. *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299 (Fed. Cir. 2016). The claim language in all four patents is functional and ends-oriented—it describes standard steps that can be taken by a computer to enhance an image rather than a specific technological method of achieving that result. *See Yu v. Apple Inc.*, 1 F.4th 1040, 1043 (Fed. Cir. 2021) ("Given the claim language and the specification, we conclude that claim 1 is "directed to a result or effect that itself is the abstract idea and merely invokes generic processes and machinery" rather than "a specific means or method that improves the relevant technology." (quoting *Smart Sys. Innovations, LLC v. Chi. Transit Authority*, 873 F.3d 1364, 1371 (Fed. Cir. 2017)). The level of technological detail about the method is more similar to the claims at issue *RecogniCorp, LLC v. Nintendo Co., Ltd.*, 855 F.3d 1322 (Fed. Cir. 2017). The Court need not credit Longitude's conclusory allegations in the complaint that the claims "recite a specific way to improve a prior computing process" when that is not apparent from the claim language read in light of the specification. Dkt. No. 36 at 9.[1] Longitude "has to do more than simply restate the claim limitations and assert that the claims are directed to a technological improvement without an explanation of the nature of that improvement." *Voit Technologies, LLC v. Del-Ton, Inc.*, 775 Fed.Appx 1000, 1004 (Fed Cir. 2019).

Longitude's other arguments are similarly unsuccessful. First, the Court is unconvinced by Longitude's unexplained assertions that claim construction is needed because phrases like "image data," "pixel values," "pixel data," and "image data of a photographed image" have a technical meaning beyond the apparent one. *See, e.g.*, Dkt. No. 36 at 16. Moreover, Longitude

---

[1] The closest Longitude comes to describing an improvement to technology is with the '109 claims, which Longitude argues describes "an improved image file structure." Dkt. No. 17 at 20. But neither the complaint nor the opposition brief describes how this particular file structure "improves the relevant technology." *Yu*, at 1 F.4th 1043. Even if that file structure was not known in the prior art, which the patent itself gives reason to doubt, the mere idea of a file containing certain information is not itself patent eligible. *See Voit Technologies, LLC v. Del-Ton, Inc.*, 775 Fed.Appx 1000, 1003 (Fed Cir. 2019) ("Voit fails to explain how employing different formats, as claimed, improves compression techniques or the functioning of the computer."); *see also Digitech Image Technologies, LLC v. Electronics for Imaging, Inc.*, 758 F.3d 1344, 1351 (Fed. Cir. 2014) (denying patent eligibility to a claim reciting a process for "taking existing information . . . and organizing this information into a new form").

has not provided any alternative construction that could render the subject matter patentable. Second, as Google notes, the fact "that the patent's claims might not preempt the entire field does not make them any less abstract." *FairWarning IP, LLC v. Iatric Sys., Inc.* 839 F.3d 1089, 1098 (Fed. Cir. 2016) (internal quotations omitted). Finally, the additional claims that Longitude discusses in its opposition brief are plagued by the same problems as the ones Google discusses as representative in the motion to dismiss.

Dismissal is with prejudice—Longitude does not request leave to amend, and anyhow it's clear from the complaint's allegations and the language of the patent that no amendment would cure the issues identified in this Order.

**IT IS SO ORDERED.**

Dated: October 27, 2023

VINCE CHHABRIA
United States District Judge